**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TOTAL QUALITY LOGISTICS, LLC,

        Plaintiff,                   Case No. 1:25-cv-695

        v.                          JUDGE DOUGLAS R. COLE

JUSDA SUPPLY CHAIN MANAGEMENT CORPORATION,

        Defendant.

## OPINION AND ORDER

Defendant JUSDA Supply Chain Management Corporation moves to change venue, stay this case, or dismiss this case under the first-to-file rule in favor of an earlier-filed case in the Central District of California. (Doc. 5). For the reasons stated below, the Court **GRANTS** JUSDA's Motion to Change Venue, Stay, or Dismiss (Doc. 5) and **TRANSFERS** the case to that district.

## BACKGROUND

JUSDA is currently embroiled in a contract dispute with Plaintiff Total Quality Logistics (TQL) in the Central District of California. (Doc. 5, #37). JUSDA initiated that suit in the Los Angeles County Superior Court in January 2025, and TQL removed it to federal court shortly thereafter. (*Id.* at #39). There, JUSDA seeks compensation for breach of a contract for certain "Air Freight Delivery Orders" that JUSDA issued to TQL. (*Id.*). TQL moved to dismiss the California action on forum non conveniens grounds, citing a purported forum-selection clause that identifies "Clermont County, Ohio" as having "exclusive and irrevocable jurisdiction" and

"mandatory venue" over "any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other business between the Company and the Customer." (*Id.*; Doc. 2, #31; Doc. 8, #162). But the Central District of California denied that motion because TQL failed to carry its burden of demonstrating that a "Customer Application"—the document that contains the above-quoted language—constituted a contract. (Doc. 5-1, #65). Specifically, the Central District held that TQL failed to show that an authorized representative of JUSDA executed the agreement on JUSDA's behalf. (*Id.* at #67 ("The issue that remains unresolved at this stage is who executed the Customer Application and whether that person had authority to bind Plaintiff.")).[1]

On August 20, 2025, a few months after the Central District of California's ruling, TQL sued JUSDA in the Clermont County Court of Common Pleas. (Doc. 1-1, #8). JUSDA's Complaint alleged breach of contract, unjust enrichment, and quantum meruit claims against JUSDA and requested $109,110.77 in compensatory damages, plus 1.5% monthly interest for unpaid logistics invoices. (*Id.* at #9). JUSDA removed the suit to federal court on September 22, 2025, invoking the Court's diversity jurisdiction. (Doc. 1, #2). And a week later, JUSDA filed the instant motion. (Doc. 5).

In its motion, JUSDA argues that the Court should either (1) transfer this case to the Central District of California, (2) stay the case, or (3) dismiss the case. (*Id.* at

---

[1] The Customer Application appears as an attachment to TQL's Complaint. (*See* Doc. 2, #31). But rather than identifying a specific corporate agent as JUSDA's signatory, it merely identifies the "Billing Team," (*id.*), which the Central District of California concluded was insufficient to show that an authorized an agent signed the purported contract on JUSDA's behalf, (Doc. 5-1, #66–67).

#40–43). It also says that there are no equitable considerations that would preclude the first-to-file rule's application. (*Id.* at #43–44). TQL counters by pointing to the Customer Application's forum-selection clause, which, in TQL's view, precludes JUSDA's reliance on the first-to-file rule. (Doc. 8, #162). TQL also contends that, even if the first-to-file rule applies, its Ohio suit, which is based on the Customer Application, is factually separate from the "Air Freight Delivery Orders" at issue in the California suit. (*Id.*). As a result, TQL says that the first-to-file rule's requirements are not met. (*Id.*). Finally, TQL argues that the Court should elect to stay the dispute (rather than transferring or dismissing it) in the event that the Court disagrees with TQL on its first two arguments. (*Id.* at #164).

With the benefit of JUSDA's Reply (Doc. 9), the matter is ripe for review.

## LAW AND ANALYSIS

The first-to-file rule, a "prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts," is "[s]imply stated": "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citations omitted) (emphasis omitted). Courts consider three factors in applying the rule: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

The parties do not dispute the first two prongs. Both agree that they are the only parties in each action, (Doc. 5, #42; Doc. 8, #162), which is sufficient for the similarity-of-the-parties prong, *Baatz*, 814 F.3d at 790 (citations omitted) ("The first-to-file rule applies when the parties in the two actions substantially overlap, even if they are not perfectly identical." (cleaned up)). And the parties agree that JUSDA filed the Central District of California action about six months before TQL filed the Ohio action that ended up here. (Doc. 5, #42; Doc. 8, #162). That is sufficient for purposes of the chronology-of-events prong. *Baatz*, 814 F.3d at 790 (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982)) ("The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed.").

The parties do, however, dispute the third prong—the similarity of the claims and issues at stake in the two cases. (Doc. 5, #42–43; Doc. 8, #163; Doc. 9, #167–68). According to TQL, the present suit is for uncompensated logistics services, while the Central District of California suit is for unrelated "Air Freight Delivery Orders." (Doc. 8, #163). "Thus," TQL says, "the issues and claims in the two pending actions are dissimilar, and[] determining one will not lead to determining the other." (*Id.*). JUSDA does not seem to contest that TQL's claim for uncompensated services is factually distinct from JUSDA's claim based on the air freight orders. (*See* Doc. 9, #167–68). But it contends that TQL has asserted a "setoff" defense in the Central District of California action, which will require TQL "to produce the same evidence in the California Action as it would in this Ohio Action." (Doc. 9, #167–68). So, despite

4

TQL's assertion to the contrary, JUSDA says that there is a "substantial overlap of the issues in the two actions." (*Id.* at #168).

The Court agrees with JUSDA. Although the parties could have been clearer about the nature of the underlying disputes in their briefing, it appears that each party's cause of action "arise[s] out of the business relationship between the parties and [turns on] which party caused a breach of the relationship's terms." (Doc. 5, #42–43). In other words, even if TQL is correct that the air freight orders are factually distinct from TQL's unpaid invoices, JUSDA has represented to the Court that the disputes as to both are before the Central District of California as an aspect of the parties' business relationship, and specifically that TQL's unpaid invoices (the basis for the suit here) are before that court in the form of a setoff defense. (*Id.*; Doc. 9, #167–68). TQL has neither contested that assertion nor moved for a surreply to explain why it is inaccurate. Thus, it appears that the issue of TQL's uncompensated logistics services is properly before the Central District of California, albeit as an affirmative defense, rather than a claim for relief. The Court concludes that that is enough overlap. *See Baatz*, 814 F.3d at 791 (citation omitted) ("The issues need not be identical, but they must be 'materially on all fours' and 'have such an identity' that a determination in one action leaves little or nothing to be determined in the other.").

The Customer Application's forum-selection clause does not require a different result. True, TQL points to that clause as a reason that the first-to-file rule does not apply. (Doc. 8, #161). But (1) JUSDA disputes the contractual validity of the Customer Application, (Doc. 5, #42); (2) TQL offers no argument for the contractual

validity of the Customer Application, (*see generally* Doc. 8); and (3) the Central District of California has already determined that TQL cannot establish the contractual validity of the customer application, (Doc. 5-1, #67). Granted, if JUSDA were challenging the *enforceability* of a forum-selection clause in a contract whose validity JUSDA concedes, then JUSDA would bear the burden of demonstrating that the clause should not be enforced. *See, e.g.*, *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). But such a demonstration "presumes that the contract, which contains [a forum-selection clause], has been properly negotiated or bargained for and, as a result, 'represents the parties' agreement as to the most proper forum.'" *Arbor Bev. Co. v. Phillips Farms, LLC*, No. 14-cv-12907, 2015 WL 470603, at *5 (E.D. Mich. Feb. 4, 2015) (citation omitted). In other words, the sort of inquiry at issue in *Wong* "evaluates the enforceability of the forum selection clause, not the validity [i.e., formation] of it." *Id.* (citations omitted). And here, TQL offers no argument for the contract's validity. Nor does any record evidence here point to a conclusion different from the one that the Central District of California reached. Thus, JUSDA has the better of the argument here.

That leaves a final piece of housekeeping: the appropriate remedy. TQL concedes that transfer would be an "acceptable" remedy, but says that a stay is more appropriate when "the first-filed case may itself be dismissed." (Doc. 8, #164). But TQL does not explain why that amounts to a realistic possibility, and publicly available information shows that it does not. The most recent docket entry in the

6

California case states that it is proceeding to trial on July 28, 2026. (*See* Order,

*JUSDA Supply Mgmt. Corp. v. Total Quality Logistics, LLC*, 2:25-cv-1417 (C.D. Cal.

Jan. 12, 2026), Doc. 38). So the odds of dismissal at this point seem rather low. TQL

also suggests that a stay is the approach favored for first-to-file cases in the Sixth

Circuit. (Doc. 8, #164). But the case TQL cites for that proposition, which is nearly

fifteen years old, catalogs several different approaches from various district courts

within the Sixth Circuit. *See NanoLogix, Inc. v. Novak*, No. 4:13-cv-1000, 2013 WL

6443376, at *2–3 (N.D. Ohio Dec. 9, 2013). At best, the case stands for the

distinguishable proposition that, as of late 2013, courts in the *Northern District of

Ohio* generally favored a stay pending resolution of the first matter. *Id.* at *3. But

even if TQL had correctly characterized *Novak*, that still would not change the

outcome here. At bottom, it appears that this dispute constitutes a subset of the issues

that will be proceeding to trial in the Central District of California in a few short

months. Against that backdrop, the Court concludes that the best approach is to

transfer the case so that the parties can address *all* of those issues in a single forum.

In sum, the Court **GRANTS** JUSDA's Motion to Change Venue, Stay, or

Dismiss (Doc. 5) and **TRANSFERS** the case to the Central District of California.

## CONCLUSION

For the reasons above, the Court **GRANTS** JUSDA's Motion to Change Venue,

Stay, or Dismiss (Doc. 5) and **TRANSFERS** this case to the Central District of

California. Consistent with that, the Court **DIRECTS** the Clerk to terminate this

matter on the Court's docket.

**SO ORDERED.**


April 17, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**